1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DIRECTV INC.,

11          Plaintiff,                          No. CIV S-04-2409 GEB GGH

12     vs.

13   JACK TURNBOUGH,                            ORDER AND
                                                FINDINGS AND RECOMMENDATIONS
14
            Defendant.
15   _____/

16          Presently before the court is plaintiff's motion for entry of default judgment

17   against defendant Turnbough, filed August 16, 2005.[1]  Upon review of the motion and the

18   supporting documents, and good cause appearing, the court issues the following order and

19   findings and recommendations.

20   BACKGROUND

21          On November 12, 2004, plaintiff filed the underlying complaint in this action

22   against defendant Turnbough, alleging defendant purchased and used a pirate access device to

23   permit viewing of plaintiff's direct broadcast satellite system programming, in violation of, inter

24   _____

25          [1]  The matter was originally scheduled for hearing on September 26, 2005; however, it
     was vacated after the court determined that a hearing was not necessary.  Order, filed September
26   22, 2005.

                                              1

1  alia, the Communications Act, 47 U.S.C. § 605(a) and the Federal Wiretap Laws, § 2511(1)(a).

2  The complaint alleges defendant Turnbough purchased one Pirate Access Device from Hcard, a

3  "Scorpion Pro Plus HU Loader."  The summons and complaint were served on defendant

4  Turnbough on December 9, 2004.  Fed. R. Civ. P. 4(e)(2).  Pacific Atlantic Trading Co. v. M/V

5  Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal

6  jurisdiction).  Defendant Turnbough filed an answer on December 29, 2004; however, the answer

7  was stricken when defendant refused to participate in the joint scheduling report.  See Order,

8  filed July 6, 2005.  The clerk entered default against defendant Turnbough on July 8, 2005.

9  　　　Notice of entry of default and the instant motion for default judgment and

10  supporting papers were served by mail on defendant Turnbough at his last known address.

11  Defendant Turnbough did not file an opposition to the motion for entry of default judgment.

12  Plaintiff seeks an entry of default judgment in the amount of $10,000 against defendant

13  Turnbough.

14  DISCUSSION

15  　　　Entry of default effects an admission of all well-pleaded allegations of the

16  complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir.

17  1977).  The court finds the well pleaded allegations of the complaint state claims for which relief

18  can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).

19  　　　The court is aware of the discrepancy in the relief requested in the complaint in

20  the event of default and the relief requested in the instant motion.  The complaint requests, in the

21  event of default, an award of damages pursuant to 47 U.S.C. § 605(e)(4) (The Communications

22  Act) and pursuant to 18 U.S.C. § 2520(c)(2) (The Wiretap Act).  Complaint at 6:25-27.  Section

23  605(e)(4), however, prohibits manufacture, assembly, modification, import, export, sale or

24  distribution of pirate access devices.  It does not apply to possessors or users of pirate devices,

25  such as defendant.  Notwithstanding the prayer of the complaint, the instant motion for default

26  judgment requests damages pursuant to 18 U.S.C. § 2520(a) or 47 U.S.C. § 605(a).  The

2

1  complaint prays for 18 U.S.C. § 2520(c)(2) relief as well as relief under 47 U.S.C.§

2  605(e)(3)(C)(i)(II) in the event of trial.  Complaint at 7:1-2.  In any event, 18 U.S.C. § 2520 (a)

3  does permit a private cause of action against users of pirate devices.  Compare Directv, Inc., v.

4  EQ Stuff, Inc., 207 F. Supp. 2d 1077 (C.D. Cal. 2002) (private cause of action against *users* of

5  pirate devices); with Directv v. Amato, 269 F. Supp. 2d 688 (E.D. Va. 2003) (no private cause of

6  action for *possessor* of pirate devices).  In a private action against a user of a pirate device,

7  section 2520(c)(2)(B) provides an award of damages in the greater amount of $100 per day or

8  $10,000.  Plaintiff seeks an award of $10,000 against defendant Turnbough.

9           Whether to award damages under the wiretap law may be discretionary.

10  Compare Nalley v. Nalley, 53 F.3d 649 (4th Cir. 1995); Romano v. Terdik, 939 F. Supp. 144

11  (D.Conn. 1996); with Menda Biton v. Menda, 812 F. Supp. 283 (D. Puerto Rico 1993) (no

12  discretion).

13           The court deems defaulting defendant, by his failure to appear or defend this

14  action, to have waived any objections to the statutory source of the damages prayed for in the

15  instant motion.  The memorandum of points and authorities and affidavits filed in support of the

16  motion for entry of default judgment supports the finding that plaintiff is entitled to the relief

17  requested.  There are no policy considerations which preclude the entry of default judgment of

18  the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

19       Attorneys' Fees and Costs

20           Directv also seeks $4,463 in attorneys' fees, and costs in an undetermined amount.

21  Under 47 U.S.C. § 605(e)(3)(B)(iii), plaintiff is entitled to such fees and costs pursuant to §

22  605(e)(4).  Other than the claimed fees for a hearing which never transpired, the court finds the

23  requested attorneys' fees to be reasonable and grants plaintiff's request in part in the amount of

24  $3,488 ($4,463 less $975 for three hours at a hearing).  Plaintiff may submit a bill of costs in

25  accordance with Federal and local rules.

26  \\\\\\

CONCLUSION

In view of the foregoing findings, IT IS RECOMMENDED that plaintiff's motion for entry of default judgment be GRANTED.  Judgment should be rendered in the amount of $10,000 in damages and $3,488 in attorneys' fees against defendant Turnbough.

In addition, IT IS ORDERED that the Clerk of the Court shall serve these findings and recommendations on the defaulting defendant at the address indicated on plaintiff's proof of service of the instant motion.

These findings and recommendations are submitted to the Honorable Garland E. Burrell Jr., United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/28/05

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
direct2409.fr.wpd